3]



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

FOR MATTER TAKEN UNDER ADVISEMENT

FILED

DEC 1 8 2009

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bankruptcy Judge: | Hon. Redfield T. Baum |
| Case Name: | Jeffrey White,     Chapter 13 |
| Case No.: | 2:09-bk-06962-RTB |
| Subject of Hearing: | Preliminary Hearing On Motion For Relief From Stay Filed by Chase Bank |
| Date Matter Taken Under Advisement: | December 2, 2009 |
| Date Ruled Upon: | December 18, 2009 |

Pending before the court is the motion for relief from the stay by Chase Bank/Property

Asset Management ("PAM"). For the reasons set forth below, the motion is granted.

This chapter 13 case was filed on April 9, 2009. This is the eighth bankruptcy case filed

by this debtor or his spouse since 2004. Set forth below is a chart regarding all of these cases and

their outcomes. The 2004 case was a joint petition by the Whites under chapter 7 and their

discharge was entered on March 4, 2005. All the other cases were or are chapter 13 cases.

| Case Number | Date Filed | Date Dismissed | Date Stay Vacated |
|---|---|---|---|
| 09-24825 | 10/02/2009 | | |
| 09-18990 | 08/10/2009 | 09/04/2009 | |
| 09-6962 | 04/09/2009 | | |

12/21/2009

| | | | |
|---|---|---|---|
| 07-6997 | 12/20/2007 | 11/17/2008 | |
| 07-6586 | 12/06/2007 | 11/17/2008 | |
| 07-4637 | 09/14/2007 | 11/01/2007 | |
| 06-3415 | 10/19/2006 | 09/10/2007 | 08/10/2007 |
| 04-19113 | 11/01/2004 | | |

The two 2007 petitions filed individually by each of the Whites were ordered consolidated on January 8, 2008. The subsequent order(s) dismissing both of those cases was "with prejudice".

It is clear from the record that the main, if not sole, reason for the last six bankruptcy cases were to use the Section 362 automatic stay to prevent the foreclosure and loss of the residence of the debtors at 17222 E. Palmer Way, Fountain Hills, AZ. As noted above, the stay as to that property was vacated on August 10, 2007. The record reflects that a trustee's sale occurred on that property on November 26, 2007 and a trustee's deed to that property was executed on that date transferring title to PAM. At this time the debtors remain, and have always been, in possession of this residence. By virtue of the multiple bankruptcy filings, the automatic stay has been in effect from October 19, 2006 to September 10, 2007, from September 14, 2007 to November 1, 2007 then from December 6, 2007 to November 17, 2008, and finally since April 9, 2009; a period exceeding three years. Further, the residence is not property of the bankruptcy estate in the 2009 cases because the debtors' title was foreclosed by the November 2007 trustee's sale and deed. The foregoing alone constitutes sufficient cause to grant stay relief.

However, there are far more compelling reasons for granting stay relief. First, the two consolidated 2007 bankruptcy cases were dismissed with prejudice. Thus, the 2009 cases were filed in violation of that with prejudice dismissal and, therefore, are legally void filings. Second, Section 362(d)(4) requires stay relief for a real property secured creditor if the bankruptcy filing

was part of a scheme to delay, hinder and defraud that creditor that involved multiple bankruptcy filings affecting that real property. This court so finds and stay relief is mandated by such statute. Further and as authorized by this statute, the stay relief order to be entered "shall be binding in any other case under this title purporting to affect such property filed not later than 2 years" from the entry of the order to be entered by this court.

Counsel for movant shall serve and lodge an appropriate order.

Copy of the foregoing
mailed this _/8_ day of
December, 2009 to:

Jeffrey White
17222 E. Palmer Way
Fountain Hills, Arizona   85268

Leonard J. McDonald
Mark S. Bosco
TIFFANY & BOSCO
2525 East Camelback Road, Suite 300
Phoenix, Arizona   85016

by_____
        Judicial Assistant